UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVANOV SEMEN, <br><br> Petitioner, <br><br> v. <br><br> A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, <br><br> Respondent. | Case No. C10-565-MJP-BAT <br><br> **REPORT AND RECOMMENDATION** |

I.   INRODUCTION AND SUMMARY CONCLUSION

Ivanov Semen ("petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 6.) Petitioner requests that this Court order that he be released from detention, or that he be given a bond hearing. *Id*. at 2. Respondent has filed a Return and Motion to Dismiss, arguing that petitioner's habeas petition should be dismissed as moot because petitioner received a bond redetermination hearing before an immigration judge on May 20, 2010, and was granted release on bond of $3,500. (Dkt. 12, Ex. A.) The government asserts that because petitioner has received the relief sought in his habeas petition, his petition is moot and should be dismissed. *Id*. at 5-6.

REPORT AND RECOMMENDATION- 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** as moot.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Ukraine. (Administrative Record ("AR") at R51.) On or about May 28, 2006, he entered the United States at New York, New York, using a J-1 visitor visa, with authorization to remain in the United States for a temporary period not to exceed four months. (AR R48.) Petitioner remained in the United States beyond four months without authorization.

On March 14, 2010, petitioner was apprehended by the United States Border Patrol at the Campo Border Patrol Station in Pine Valley, California. (AR R50.) On March 15, 2010, the Department of Homeland Security ("DHS") issued a Warrant for Arrest of Alien and Notice to Appear, placing petitioner in removal proceedings and charging him as subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for having remained in the United States for a time longer than permitted. (AR R36-38.) DHS also issued a Notice of Custody Determination informing petitioner that he would be detained in the custody of DHS without bond. (AR R35.)

On or about March 22, 2010, petitioner filed a Motion for Redetermination of Custody Status with the Immigration Court, seeking release on bond or on conditions. (AR L18-23.) On April 16, 2010, an IJ held a bond redetermination hearing, but petitioner withdrew his request for bond and the IJ issued an order indicating that "No Action" would be taken. (AR L37.) Petitioner waived appeal of the IJ's custody order. *Id*.

On April 20, 2010, petitioner filed the present action challenging his continued detention. (Dkt. 6.) In addition, petitioner requested and received another bond redetermination hearing

REPORT AND RECOMMENDATION- 2

before an IJ May 20, 2010. (AR L38.) The IJ granted petitioner's request and ordered that he be released from custody under bond of $3500. (Dkt. 12, Ex. A.) Petitioner waived appeal of the IJ's custody order. *Id.* The same day respondent filed a Return and Motion to Dismiss, arguing that because petitioner has received the relief sought in his habeas petition – release on bond – this matter should be dismissed as moot. (Dkt. 12.) Petitioner did not file a response to respondent's motion to dismiss.

### III.   DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See* INA § 236(a), 8 U.S.C. § 1226(a); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(INA § 236 "vests the Attorney General with authority to detain an 'alien' during removal proceedings."). Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole . . .

8 U.S.C. § 1226(a).

In the present case, petitioner challenges his detention pending the completion of his removal proceedings. (Dkt. 6.) He requests that this Court "Order the Petitioner to be released

REPORT AND RECOMMENDATION- 3

on supervised release pending all finality or . . . order[] the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner . . . ." (Dkt. 6 at 2.) As respondent argues, however, the record shows that petitioner was provided an individualized bond hearing before an Immigration Judge where he was given the opportunity to present evidence in support of his release. (Dkt. 12, Ex. A.) The Immigration Judge ordered that petitioner be released from custody under bond of $3,500. *Id.* Petitioner waived appeal of the Immigration Judge's bond decision, and has not requested a subsequent bond redetermination hearing. Because petitioner has received the relief sought in his habeas petition, the Court agrees with respondent that this action is now moot and should be dismissed. *See Prieto-Romero v. Clark,* 534 F.3d 1053, 1057 (9th Cir. 2008)(holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the [Board of Immigration Appeals]"); see also Flores-Torres, 548 F.3d at 710 (dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing).

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** as moot. A proposed order accompanies this Report and Recommendation

DATED this 15th day of July, 2010.

*[signature]*

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4